## BALDWIN *v.* THE STATE OF KANSAS.

ERROR TO THE SUPREME COURT OF THE STATE OF KANSAS.

No. 1154. Argued December 17, 1888. — Decided January 14, 1889.

The plaintiff in error was convicted of murder in a state court in Kansas. The Supreme Court of that State affirmed the judgment. On a writ of error from this court, it was assigned for error that the jurors were not sworn according to the form of oath prescribed by the statute of Kansas, and that, therefore, the jury was not a legally constituted tribunal, and so the defendant would be deprived of his life without due process of law, and be denied the equal protection of the law. The statute did not

give in words the form of the oath, but required that the jury should be sworn " to well and truly try the matters submitted to. them in the case in hearing, and a true verdict give, according to the law and the evidence." The record did not state the form. of the oath administered, but the journal entry stated that the jurors were " duly " sworn " well and truly to try the issue joined herein," and the bill of exceptions stated that the jury. was sworn " to well and truly try the issues joined herein." The verdict also recited that the jury was " duly sworn " in the action.· The record did not show that at the trial before the jury, any title, right, privilege, or immunity under the Constitution of the United States was specially set up or claimed. No objection was taken to the form of the oath at the trial, nor at the making of motions for a new trial and for an arrest of judgment before the trial court. The point was first suggested in the Supreme Court of the State: *Held,*

(1.) The recitals in the record, as to the swearing of the jury, were not to be regarded as an attempt to set out the oath actually administered, but rather as a statement of the fact that the jury had been sworn and acted under oath;

(2.) The objection could not be considered, because it was not taken at the trial.

The question whether the evidence in the case was sufficient to justify the verdict, and the question whether the constitution of Kansas was complied with or not in certain proceedings on the trial, were not Federal questions which this court could review.

The writ of error was dismissed for want of jurisdiction.

THE case which was claimed to raise a Federal question is stated in the opinion.

*Mr. B. P. Waggener* and *Mr. W. D. Webb* for plaintiff in error.

*Mr. S. B. Bradford,* Attorney General of the. State of Kansas, for defendant in error.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

. This is a writ of error to the Supreme Court of the State of Kansas. William Baldwin was proceeded against, in the District Court of the Second Judicial District of Kansas, sitting in and for Atchison County, by an information charging him . with the crime of murder. On a trial before a jury, he was found guilty. A motion for a new trial was denied; and the

judgment of the court was rendered that he be confined at hard labor, in the penitentiary of the State, for one year from January 11, 1886, and until the governor of the State should by order direct his execution, at which time, as specified in such order, not less than one year from that date, he should be hung. He removed the case by appeal to the Supreme Court of the State, and it affirmed the judgment, in December, 1886. An application for a rehearing was denied in July, 1887. The case is brought here by him. The decision of the Supreme Court of Kansas is reported as *State* v. *Baldwin*, 36 Kansas, 1.

The errors assigned here are (1) that the jurors were not sworn according to the form of oath prescribed by the statute of Kansas, and that, therefore, the jury was not a legally constituted tribunal, and so the defendant will, under the judgment of the court, be deprived of his life without due process of law, and be denied the equal protection of the law; (2) that the evidence on which the judgment was founded was so inadequate to show that the defendant was guilty of the crime of murder, that the judgment amounts to a denial to the defendant of the equal protection of the law.

As to the question of the oath administered to the jurors, the journal entry at the trial states that, issue being joined upon a plea of not guilty, there came a jury of twelve good and lawful men, whose names are given, "having the qualifications of jurors, who being duly elected, tried, and sworn well and truly to try the issue joined herein," the trial proceeded. The bill of exceptions states that "a jury was empanelled and sworn to well and truly try the issues joined herein."

The statute of the State of Kansas provides (Compiled Laws of Kansas, c. 82, art. 11, § 208; c. 80, art. 15, § 274,) that "the jury shall be sworn to well and truly try the matters submitted to them in the case in hearing, and a true verdict give, according to the law and the evidence." The statute does not give in words the form of the oath. It is contended that the record affirmatively shows that the oath required by the statute of Kansas was not administered to the jurors, but that

they were only sworn " well and truly to try the issue ·joined herein," or " to well and truly try the issues joined herein."

The record does not purport to. give *ipsissimis verbis* the form of the oath administered to the jurors. The statement of the oath is entirely consistent 'with the fact that the oath required by the statute of Kansas was administered, especially' in view of the statement in the journal entry that the jurors were "duly" sworn. On this subject, the Supreme Court of Kansas says correctly, in its opinion : " It is highly important. and necessary that the oath should be administered with due solemnity, in the presence of the prisoner, and before the court, substantially in the manner 'prescribed by law. It may also be conceded that the record should show that the jury were sworn, and, when the record does purport to set out in full the form of the oath upon which the verdict is based, it must be in substantial compliance with law; otherwise the conviction cannot stand. The assumption by counsel that the oath as actually administered is set out in full in the record, it seems to us, is unwarranted. What is stated in the record is but a recital by the clerk of the fact that the jury were sworn. The swearing was, of course, done orally, in open court, and it is no part of the duty of the clerk to place on the record the exact formulary of words in which the oath was couched. He has performed the duty in that respect when he enters the fact that the jury were duly sworn, and when that is done the presumption will be that. the oath was correctly administered. The method of examining the jurors as to their qualifications, or whether the oath was taken by them while standing with uplifted hands, according to the universal practice in the State, or otherwise, is not stated. In making mention of the impanelling and swearing of the jury, there is no description of the parties between whom the jury are to decide; nor, indeed, are there any of the formal parts of an oath stated. The statement made is only a recital of a past occurrence; and it is manifest that there was no intention or attempt of the clerk to give a detailed account of the manner of impanelling the jury, or to set out the oath *in hæc verba.* It may be observed that in the form of the verdict returned, and which was pre-

pared and presented to the jury by the trial judge, it was stated that the jury were duly impanelled and sworn."

The form of the verdict thus referred to was in these words: "We, the jury duly empanelled, charged and sworn, in the above entitled action, do, on our oath, find the defendant, William Baldwin, guilty of murder in the first degree, as charged in the first count of information."

The Supreme Court of Kansas held that the recitals in the record relative to the swearing of the jury were not to be regarded as an attempt to set out the oath actually administered, but rather as a statement of the fact that the jury had been sworn and acted under oath. We concur in this view.

That court went on to say: "A still more conclusive answer on this point is, that no objection was made to the form of the oath when it was administered, or at any other time prior to its presentation in this court. If there was any irregularity in this respect, it should, and probably would, have been objected to at the time it occurred. It is quite unlikely that there was any departure from the form of the oath so well understood, and which is in universal use in all of the courts of the State; but, if the form of the oath was defective, the attention of the court should have been called to it at the time the oath was taken, so that it might have been corrected. A party cannot sit silently by, and take the chances of acquittal, and subsequently, when convicted, make objections to an irregularity in the form of the oath. Not only must the objection be made when the irregularity is committed, but the form in which the oath was taken, as well as the objection, should be incorporated into the bill of exceptions, in order that this court may see whether or not it is sufficient. This was not done."

This statement of the condition of the record shows that no Federal question is presented, in regard to the oath administered to the jurors, of which this court can take jurisdiction. Section 709 of the Revised Statutes provides, that a final judgment in any suit in the highest court of a State, in which a decision in the suit could be had, where any title, right, privilege, or immunity is claimed under the Constitution, and the decision is against the title, right, privilege, or immunity

"specially set up or claimed" by either party, under such Constitution, may be re-examined, and reversed or affirmed, in the Supreme Court, upon a writ of error. In the present case, the record does not show that, at the trial before the jury, any title, right, privilege or immunity under the Constitution of the United States was specially set up or claimed. No objection was taken to the form of the oath at the trial, nor at the making of the motion for a new trial before the trial court, nor at the making of the motion for arrest of judgment in that court. The point was first suggested in the Supreme Court of the State. That court, as it appears, refused to consider the objection, on the ground that it was not taken at the trial. For that reason, we, also, cannot consider it.

In *Spies* v. *Illinois*, 123 U. S. 131, 181, this court said in regard to a question of this kind: "As the Supreme Court of the State was reviewing the decision of the trial court, it must appear that the claim was made in that court, because the Supreme Court was only authorized to review the judgment for errors committed there, and we can do no more." Again: "If the right was not set up or claimed in the proper court below, the judgment of the highest court of the State in the action is conclusive, so far as the right of review here is concerned."

The question whether the evidence in the case was sufficient to justify the verdict of the jury, and the question whether the constitution of the State of Kansas was complied with or not in the proceedings on the trial which are challenged, are not Federal questions which this court can review.

*The writ of error is dismissed for want of jurisdiction.*

MR. JUSTICE HARLAN dissenting.

I adhere to the opinion expressed by me in *Hurtado* v. *California*, 110 U. S. 539, that a State cannot, consistently with due process of law, require a person to answer for a capital offence, except upon the presentment or indictment of a grand jury. Upon that ground I dissent from the judgment in this case.