## A03A0125. TRUMPLER v. THE STATE.
### (583 SE2d 184)

PHIPPS, Judge.

A jury found Dwayne Trumpler guilty of aggravated assault with the intent to rob and robbery by force. On appeal, he contends that the verdicts were contrary to the evidence and that a portion of the prosecutor's opening statement was improper. He protests the State's use of the theory of party to a crime because the indictment did not charge him with being a party to the crimes. Trumpler also contends that the trial court erred by granting a pretrial motion to allow testimony of a similar transaction, by not declaring a mistrial because of testimony concerning the similar transaction and the prosecutor's references to it, and by charging the jury on mere presence. Because Trumpler has failed to demonstrate any reversible error, we affirm.

1. Trumpler contends that the verdicts were contrary to the evidence. In considering a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence.[1] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offenses beyond a reasonable doubt.[2]

The State's evidence showed that at approximately 12:45 a.m. on August 6, 1999, Gia Veraldi was standing near a pay telephone at a MARTA station. She had her purse on her shoulder and her backpack on the ground. Trumpler was in the area with two other males, Demario Jones and Antonio Anderson. Jones mumbled some-

---

thing to Veraldi and then grabbed her by the neck. He began beating her head with the telephone receiver, and Trumpler started punching her in the face. Veraldi fell to the ground, and Jones and Trumpler continued to beat and kick her. Trumpler pulled at Veraldi's purse. Anderson grabbed Veraldi's backpack, and the three men fled. At trial, Veraldi and a MARTA police officer who had observed the attack identified Trumpler as one of the attackers.

Trumpler presented Anderson's testimony that Trumpler was not one of the men who attacked Veraldi. He also presented the testimony of numerous other individuals who stated that he was elsewhere at the time of the incident.

In contending that the evidence was contrary to the verdict, Trumpler points to evidence that he presented. But Veraldi and an eyewitness identified Trumpler as one of the men who attacked and robbed her. It was within the jury's sole province to determine the credibility of witnesses and the weight to be accorded their testimony.[3] Considered in a light most favorable to the jury's verdicts, the evidence was sufficient to enable a rational trier of fact to conclude that Trumpler was guilty beyond a reasonable doubt of aggravated assault with the intent to rob and robbery by force.[4] The jury verdicts were not contrary to the evidence.

2. Trumpler complains that the prosecutor told the jury during opening statement that Jones's and Anderson's cases had already been "disposed of." He claims that the information unfairly implied guilt on his part. But as Trumpler concedes, defense counsel made no objection. Consequently, this issue was not preserved for appellate review.[5] Relying on the death penalty case of *Todd v. State*,[6] Trumpler asks us to excuse the absence of an objection and determine whether the prosecutor's statement was so improper that, in reasonable probability, it changed the result of the trial. But our Supreme Court has held that the "reasonable probability" test is applicable "only in the context of appellate review of a criminal case in which the death penalty was imposed. [Cits.]"[7] This is not a death penalty case.

3. Trumpler protests the State's use of the theory of "party to a crime" to convict him when he was indicted for having directly com-

---

[3] *Larkin v. State*, 191 Ga. App. 269, 271 (1) (381 SE2d 421) (1989).

[4] See OCGA §§ 16-5-21; 16-8-40; see also *Murray v. State*, 256 Ga. App. 736, 737-738 (1) (569 SE2d 636) (2002); *Davis v. State*, 223 Ga. App. 346-347 (1) (477 SE2d 639) (1996).

[5] *Carr v. State*, 275 Ga. 185, 186 (2) (563 SE2d 850) (2002); *Smith v. State*, 221 Ga. App. 428 (3) (472 SE2d 4) (1996).

[6] 261 Ga. 766, 767 (2) (a) (410 SE2d 725) (1991) (when no timely objection is made, the test for reversible error is not simply whether the argument is objectionable, or even if it might have contributed to the verdict; the test is whether the improper argument in reasonable probability changed the result of the trial).

[7] *Mullins v. State*, 270 Ga. 450, 451 (2) (511 SE2d 165) (1999); *Metts v. State*, 270 Ga. 481, 485 (4) (511 SE2d 508) (1999).

mitted the crimes. OCGA § 16-2-20 (a) provides, "Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime." Under OCGA § 16-2-20 (b), a person is concerned in the commission of a crime if he directly commits or intentionally aids or abets in the commission of the crime. Although the State was required to prove that Trumpler was a party to the crimes under this Code section, it was not required to allege these provisions in the indictment.[8] This contention is without merit.

4. Trumpler contends that the trial court erred in granting a pretrial motion to permit evidence of a similar transaction, arguing that the State failed to make the showings mandated by *Williams v. State*.[9] He also argues that the trial court erred by not declaring a mistrial.

At a pretrial hearing, the prosecutor represented that testimony concerning a similar transaction would show that one night at a MARTA station, Trumpler and a friend followed Cynthia Beard and her friend to Beard's car, "harass[ing]" them and repeatedly requesting their telephone numbers. Rebuffed, Trumpler produced a gun, took Beard's car keys, and drove away in her car. The prosecutor stated that the purpose of introducing evidence of the similar transaction was to show Trumpler's identity, his "bent of mind toward women," and his "intent to rob vulnerable women of property in Marta stations."

But the jury heard Beard testify only that "two guys" had attempted to "flirt" with her and her female friend at a MARTA station parking lot. The court interrupted and excused Beard, deciding that the testimony was not consistent with what the prosecutor had represented at the pretrial hearing. The court denied defense counsel's motion for mistrial and then instructed the jury to disregard not only Beard's testimony, but also the prosecutor's representation during opening statements that there would be evidence that Trumpler had committed a similar transaction. Defense counsel did not renew the motion then, but instead presented the testimony of seven witnesses. The next morning, defense counsel renewed his motion for mistrial.

Even assuming, without deciding, that the trial court erred in granting the pretrial motion to introduce evidence of the similar transaction, we must assess harm as well as error.[10] When similar

---

[8] See *Smith v. State*, 234 Ga. App. 586, 590 (3) (506 SE2d 406) (1998); see also *State v. Military Circle Pet Center No. 94*, 257 Ga. 388, 389-390 (360 SE2d 248) (1987); *Wright v. State*, 165 Ga. App. 790 (1) (302 SE2d 706) (1983).

[9] 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).

[10] *Washington v. State*, 253 Ga. App. 611, 617 (3) (560 SE2d 80) (2002).

transaction evidence has been improperly allowed, the error is harmless "when it is highly probable the error did not contribute to the judgment."[11] Here, Beard was interrupted and excused before testifying that Trumpler had committed any act. Given the testimony of the victim and an eyewitness to the crimes, a high probability exists that Beard's testimony regarding two males flirting with her and her friend did not contribute to the jury's verdicts.

Furthermore, even if an inference of bad character arose from the circumstances, we find that the trial court's remedial instruction was adequate to remove from the jury's consideration any inappropriate references to extrinsic acts and to preserve Trumpler's right to a fair trial.[12] "The denial of a motion for mistrial is a matter largely within the discretion of the trial judge, and unless it is apparent that a mistrial is essential to the preservation of the right to a fair trial, we will not interfere with that discretion."[13] Pretermitting whether Trumpler waived any claim of insufficiency in the trial court's curative instructions because he did not timely renew his motion for mistrial, we find no abuse of discretion.

Trumpler next contends that the trial court should have granted his motion for mistrial based on the prosecutor's mention of the similar transaction during closing argument. Upon defense counsel's objection, the court admonished the prosecutor not to mention the similar transaction again and instructed the jury to disregard the reference. The court also reiterated to the jury before its final charge that "any references to similar transactions in this case [are] to be disregarded and there is no evidence before you regarding similar transactions, and you are to disregard any references to any similar transactions by the lawyers." We conclude that, under these circumstances, the trial court did not abuse its broad discretion.[14]

5. Trumpler contends that the court erred in charging the jury:

Presence of the defendant at the scene of the crime alleged or the defendant's involvement as a co-conspirator or as a party to the crime is an essential element of the crimes set forth in this indictment, and the burden of proof rests on the State to prove beyond a reasonable doubt that the defendant committed the crimes alleged.

Contrary to Trumpler's assertion, this charge did not authorize the jury to convict him based upon a finding that he was merely present at the scene of the crime.

[11] (Punctuation omitted.) Id.
[12] See *Seritt v. State*, 237 Ga. App. 665-666 (1) (a) (516 SE2d 366) (1999).
[13] *Jones v. State*, 251 Ga. App. 285, 286-287 (2) (554 SE2d 238) (2001).
[14] See generally *Pittman v. State*, 274 Ga. 260, 262 (2) (553 SE2d 616) (2001).

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED JUNE 5, 2003.

*Cynthia W. Harrison*, for appellant.
*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Assistant District Attorney*, for appellee.