## A04A1178. HILL v. THE STATE.
### (602 SE2d 348)

RUFFIN, Presiding Judge.

A jury found Velisha Hill guilty of burglary, aggravated battery, and aggravated assault.[1] On appeal, Hill challenges the sufficiency of the evidence. She also contends that the trial court committed reversible error in failing to ask "the potential jurors the statutorily required questions under oath." For reasons that follow, we affirm.

1. On appeal from a criminal conviction, Hill no longer enjoys a presumption of innocence, and we view the evidence in a light most favorable to the jury's verdict.[2] "We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find [Hill] guilty of the charged offenses beyond a reasonable doubt."[3]

Viewed in this light, the evidence demonstrates that when Hill was 13 or 14, she began living with her paternal grandmother, Doris Coleman. Coleman began having difficulty with Hill, who would stay out nights without calling and refused to obey her grandmother's rules. When Hill turned 18, her grandmother told her that if she went to college, she could live at home rent-free. But Hill quit school, and her grandmother told her that she had to get a job and help pay the household bills if she wanted to stay. This apparently made Hill angry, and she packed her clothing and left Coleman's house.

Several weeks later, on the night of July 30, 2002, Coleman woke up and saw a light coming from her kitchen. Coleman testified that she "panicked" because she had turned her lights off and set the alarm. She got out of bed, looked out of her bedroom door, and discovered a strange male standing in the hallway. The man, who proved to be Paul Rapes, charged Coleman and began stabbing her multiple times. Rapes stabbed Coleman's neck, wrists, and hands and sliced off part of her little finger.

Rapes, who pleaded guilty to aggravated assault and burglary, testified on behalf of the State. According to Rapes, Hill hired him and Roylondo Cook to kill her grandmother.[4] On July 30, 2002, Rapes was dropped off at Coleman's house. Rapes removed an air conditioner from a window and crawled into the house. He then punched in the alarm code, which Hill had given him. Rapes testified that he stabbed Coleman, intending to kill her.

---

[1] For sentencing purposes, the trial court merged the aggravated assault charge with the aggravated battery conviction.

[2] See *Trumpler v. State*, 261 Ga. App. 499 (1) (583 SE2d 184) (2003).

[3] (Footnote omitted.) Id.

[4] Cook also was charged in connection with Coleman's stabbing.

Rapes was arrested, and he confessed to committing the crimes against Coleman. Hill was implicated as an accomplice. When she was interviewed, Hill admitted that she talked to Rapes and Cook about "hurt[ing] her grandmother." Based upon this and other evidence, the jury found Hill guilty.

On appeal, Hill contends that the evidence was insufficient to sustain her convictions because Rapes' testimony was not sufficiently corroborated. Under OCGA § 24-4-8, in felony cases where the only witness is an accomplice, the accomplice's testimony must be corroborated. "But only slight evidence from an extraneous source as to a defendant's identity and participation is needed to corroborate an accomplice's testimony. And, such evidence may be circumstantial."[5] Moreover, "the sufficiency of the corroboration evidence is peculiarly a matter for the jury to determine."[6]

The fact that Rapes knew the security code and disabled Coleman's alarm constitutes sufficient corroborating evidence. And Hill's admission that she wanted to "hurt" her grandmother further corroborates Rapes' testimony. This corroborating evidence was sufficient to sustain the jury's verdict.[7]

Hill also asserts that the evidence merely showed that she had thought about hurting her grandmother, not that she was aware an attack was imminent.[8] This assertion is belied by the record. Rapes testified that he discussed the plan with Hill the night before the attack, and she agreed to it. Accordingly, this argument presents no basis for reversal.

2. On appeal, Hill contends that the trial court erred in failing to properly swear potential jurors as required by OCGA § 15-12-132. According to this Code section, a trial court must give jurors the following oath prior to voir dire: "You shall give true answers to all questions as may be asked by the court or its authority, including all questions asked by the parties or their attorneys, concerning your qualifications as jurors."[9] Here, however, the trial court did not give this oath until after voir dire had commenced and jurors had already been asked the statutorily mandated voir dire questions.[10] Although Hill's attorney brought the oversight to the court's attention, defense counsel did not object to the administration of the oath in the middle of voir dire. Nonetheless, on appeal, Hill contends that the trial

---

[5] (Footnote omitted.) *Smith v. State*, 257 Ga. App. 595, 597 (1) (571 SE2d 817) (2002).

[6] (Punctuation omitted.) *Wilbanks v. State*, 251 Ga. App. 248, 259 (8) (554 SE2d 248) (2001).

[7] See id.; *London v. State*, 247 Ga. App. 618, 622-623 (5) (544 SE2d 525) (2001); *Moore v. State*, 245 Ga. App. 641, 643-644 (1) (a) (537 SE2d 764) (2000).

[8] See *Barnett v. State*, 178 Ga. App. 383, 385-386 (343 SE2d 155) (1986).

[9] (Punctuation omitted.) OCGA § 15-12-132.

[10] See OCGA § 15-12-164.

court's error mandates reversal. We disagree.

A defendant may waive error in the giving of such oath by failing to timely object.[11] "The reason for this rule is clear: if the defendant has an objection, there is an obligation to call the matter to the court's attention so the trial judge will have an opportunity to remedy the situation."[12] Here, the trial court administered the oath, albeit belatedly. As Hill failed to object or request that the trial court recommence voir dire from the beginning after the giving of the oath, she has waived any error.[13]

*Judgment affirmed. Eldridge and Adams, JJ., concur.*

DECIDED JULY 21, 2004.

*Sanders, Haugen, Sears & Meeker, Walter S. Haugen,* for appellant.

*Peter J. Skandalakis, District Attorney, Rudjard M. Hayes, Ann M. Fitz, Assistant District Attorneys,* for appellee.

---

[11] See *Taylor v. State,* 264 Ga. App. 665, 666 (1) (592 SE2d 148) (2003); see also *Gober v. State,* 247 Ga. 652, 654-655 (2) (278 SE2d 386) (1981).

[12] (Punctuation omitted.) *Taylor,* supra.

