A11A1700. SIBLEY v. DIAL.
(723 SE2d 689)

BLACKWELL, Judge.

Michael Sibley sued James Dial to recover damages for injuries that Sibley allegedly sustained in an automobile accident, and although Dial admitted that he was negligent and responsible for the accident, he denied that the injuries that Sibley claimed were, in fact, sustained as a result of the accident. The case was tried by a Fulton County jury, which returned a verdict for Dial. Sibley now appeals, asserting as his sole claim of error that the court below failed to properly qualify prospective jurors as to their relationship with State Farm Insurance, which insured Dial. Sibley complains that, although prospective jurors were asked about their relationship with State Farm, they were asked without having taken the statutory oath. Sibley, however, failed to complain at trial about the way in which the court qualified prospective jurors, and for this reason, he has waived this claim of error, and we must affirm the judgment below.

---

[17] See *Polk County v. Ellington*, 306 Ga. App. 193, 199 (1) (702 SE2d 17) (2010); *Tyson*, supra at 370 (1).

The proceedings in which the prospective jurors were qualified were not transcribed, but we know a few things about those proceedings.[1] Before prospective jurors reported to the courtroom for voir dire and jury selection, a member of the court staff inquired whether any prospective juror had a relationship with State Farm, and only those prospective jurors disclosing no such relationship were asked to report. None of the parties or their lawyers was present when this inquiry was made, but the lawyers apparently were informed that the inquiry had been made. When prospective jurors eventually reported to the courtroom, they were administered the oath required by OCGA § 15-12-132,[2] and voir dire commenced. The lawyers for the parties were present for all the proceedings in the courtroom. The prospective jurors were asked in the courtroom about other potentially disqualifying relationships, but no one made any further inquiry about State Farm, although the court did not forbid the lawyers from asking about it. Sibley never objected to the way in which the prospective jurors were qualified as to any relationship with State Farm, and his lawyer never inquired of the court whether the prospective jurors had been under oath when they were asked outside his presence about State Farm.

Sibley apparently realized only after the trial was done that the prospective jurors might not have been under oath when asked about State Farm, and he raised this issue in a motion for new trial. The court below denied this motion, concluding that Sibley waived any error concerning the qualification of the jurors. About this, the trial judge was absolutely right.

We have held before that a party waives any error in the failure to administer the oath required of prospective jurors before the

---

[1] When an appeal involves proceedings that were not reported, there are several ways in which the parties can make a record of those proceedings for appellate review, and the proper means of making a record are set out in OCGA § 5-6-41. In this case, Sibley employed none of these means, but his lawyer filed an affidavit concerning the qualification of prospective jurors. An affidavit of counsel is not a proper way in which a record can be made for appellate review. See *Womack v. State*, 223 Ga. App. 82, 82-83 (1) (476 SE2d 767) (1996) (appellate court will not rely on affidavit of counsel as to what occurred in proceedings below). Nevertheless, Dial did not dispute some of what was said in this affidavit, and the court below addressed the affidavit and made some findings about what occurred in the unreported proceedings. We will accept the findings of the court below and those things on which the parties agree for the purposes of this appeal. See OCGA § 5-6-41 (g) (transcript of unreported proceedings can be prepared from recollection, so long as parties agree upon the content of the transcript, and if they do not agree, the trial judge can decide upon the correctness of the transcript).

[2] According to OCGA § 15-12-132, before voir dire commences, prospective jurors must take an oath to "give true answers to all questions as may be asked by the court or its authority, including all questions asked by the parties or their attorneys, concerning your qualifications as jurors in [this] case."

commencement of voir dire if he does not make a timely objection.[3] *Hill v. State*, 268 Ga. App. 642, 644 (2) (602 SE2d 348) (2004). As we have explained, "if [a party] has an objection, there is an obligation to call the matter to the court's attention so the trial judge will have an opportunity to remedy the situation." Id. (citation and punctuation omitted). Here, Sibley and his lawyer knew that prospective jurors had been qualified as to any relationship with State Farm outside their presence, but they failed to object to this procedure or to even inquire whether the oath had been administered before the prospective jurors had been so qualified. If Sibley was concerned about the oath, he should have done something then, not take his chances with the jury and complain only after he lost. As the court below correctly concluded, Sibley waived any error with respect to the qualification of the prospective jurors as to State Farm, and for this reason, we affirm the judgment below.[4]

*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*

DECIDED JANUARY 6, 2012 —
RECONSIDERATION DENIED APRIL 11, 2012 — 

*McKenney & Froelich, William J. McKenney*, for appellant.
*Harper, Waldon & Craig, Jonathan M. Adelman*, for appellee.

---

[3] It is important to note that this is not a case in which no adequate remedy was available and any objection, therefore, would have been futile. See *Dunn v. State*, 308 Ga. App. 103, 110 (1) (b) (706 SE2d 596) (2011) (court already had dismissed juror, so any objection would have been futile).

[4] Sibley relies on *Arp v. Payne*, 230 Ga. App. 840 (497 SE2d 810) (1998) (physical precedent only), but that case involved the refusal of a trial court to qualify prospective jurors as to any relationship with a nonparty insurance carrier. Here, Sibley does not complain about a refusal to qualify prospective jurors as to such a relationship, only about the way in which they were so qualified, so *Arp* is inapposite.