PAUL KELLY, JR., Circuit Judge,
concurring.
I concur in the result but would hold that Mr. Turrietta waived the error of an unsworn jury by failing to object before the jury was discharged. I appreciate the court’s rich and careful discussion of this aspect of trial by jury, but for me the crucial fact is that the defense admitted that the court’s error was fully appreciated but held any objection in reserve in order to attack a guilty verdict. Under these circumstances, the failure to make a contemporaneous objection was a matter of strategy, not neglect, and constituted consent to proceed with an unsworn jury. See Puckett v. United States, 556 U.S. 129, 138-40, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009) (noting that waiver involves an intentional relinquishment or abandonment of a right to seek relief from the error complained of). I would also not conduct plain error review because Mr. Turrietta does not seek plain error review on appeal. See United States v. Oldbear, 568 F.3d 814, 820 (10th Cir.2009) (failure to brief plain error forfeits appellate review).
I doubt the mistake here falls into that narrow category of error deemed structural error. See Johnson v. United States, 520 U.S. 461, 468-69, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). The Court, in Baldwin v. Kansas, 129 U.S. 52, 56, 9 S.Ct. 193, 32 L.Ed. 640 (1889), considered a holding of the Kansas Supreme Court that if an oath was defectively given, the defendant should have told the court and could not sit silently by, hope for an acquittal, and then, after conviction, object. The Court said this ruling raised no federal question. In Patton v. United States, 281 U.S. 276, 312, 50 S.Ct. 253, 74 L.Ed. 854 (1930), the Court held that a defendant can waive the right to trial by twelve jurors. Eleven had served. If jury by twelve peers can be waived, it seems likely that one can waive a jury by twelve sworn peers.
On appeal, Mr. Turrietta does not argue that his participation in this strategy was necessary, let alone lacking. See United States v. Oakes, 680 F.3d 1243, 1248 (10th Cir.2012). I am persuaded by those state courts that hold that when an attorney notices the irregularity but says nothing, then waits for an unfavorable verdict to object, he waives his client’s right and cannot be heard to complain. See, e.g., Sibley v. Dial, 315 Ga.App. 457, 723 S.E.2d 689, 691 (2012); State v. Vogh, 179 Or.App. 585, 41 P.3d 421, 426-27 (2002); State v. Arellano, 125 N.M. 709, 965 P.2d 293, 296 (1998); Sides v. State, 693 N.E.2d 1310, 1312 (Ind.1998). The reasoning generally is that if an attorney informs the court of the inadvertence, it can be readily corrected with a belated administration of the oath. But knowing silence treats an objection like an insurance policy against an adverse result and is akin to waiver. I would decline to notice the error. A party should not benefit from tactical muteness when speaking up would have ensured prompt correction. We would not be the first federal circuit to so hold in the general context of oaths. See United States v. Martin, 740 F.2d 1352, 1358 (6th Cir.1984).
We have discretion under Rule 52(b) to correct plain error, the category of “forfeited-but-reversible error,” United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), using a four-part inquiry. But “plain error” was never mentioned in Mr. Turrietta’s brief, and of course he would have the burden of persuasion on such a claim. Id. at 734, 113 S.Ct. 1770. His claim was that the “verdict rendered was a nullity.” Aplt. Br. 7. To the extent that Mr. Turrietta is claiming structural error, we recently commented that “[a] defendant failing to ob *987 jeet to structural error in the district court likely would still need to establish that an error was plain and seriously affected the fairness, integrity, or public reputation of the judicial proceedings.” See United States v. Kieffer, 681 F.3d 1143, 1158 (10th Cir.2012).[1] Waiver results when a party, after deliberation, chooses a particular litigation position to press while foregoing others. United States v. Cruz-Rodriguez, 570 F.3d 1179, 1183-84 (10th Cir.2009).
My purpose is not to diminish the oath’s significance but to honor it. All parties to a criminal proceeding are summoned to help secure the proper administration of justice. Reserving objections until correction is impossible is to be discouraged.

. The Court has never decided whether a structural error would automatically satisfy the third element of the plain error test; whether the error affects substantial rights. See Puckett v. United States, 556 U.S. 129, 140-41, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009). In both Johnson v. United States, 520 U.S. 461, 468-69, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997), and United States v. Cotton, 535 U.S. 625, 632-33, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002), defendants claimed that the error was structural, yet the Court still applied the plain error test, assuming that the error affected substantial rights, and then considered whether the error affected the "fairness, integrity or public reputation” of the proceeding. The Court did not decide whether the specific errors were structural, but implied they were not. In Kieffer, we noted the apparent tension between dispensing with an individualized assessment of whether a structural error affects substantial rights for harmless error under Fed. R. Crim. P. 52(a), but requiring it for plain error under 52(b). Id.