A90A0370. HUFF v. E. L. DAVIS CONTRACTING COMPANY, INC. et al.
(394 SE2d 615)

POPE, Judge.

Plaintiff Richard Huff's complaint was filed in December of 1984. On April 24, 1989, the trial court granted defendant Reliance Insurance Company's motion to compel and ordered plaintiff to serve complete responses to defendant's interrogatories and to pay attorney fees and court reporter expenses for failure to attend a noticed deposition. The trial court also ordered the plaintiff to appear for deposition by defendants on May 19. The date for deposition was changed by consent of the parties to May 23. Plaintiff failed to comply with the trial court's order by failing to serve complete responses to interrogatories, to pay attorney fees and costs as ordered by the court and to appear for deposition. After a hearing on June 13, 1989, the trial court issued an order finding plaintiff had wilfully failed to comply with its earlier order and dismissing plaintiff's complaint with prejudice. Plaintiff appeals.

The trial court may dismiss an action for a party's failure to obey an order compelling discovery. OCGA § 9-11-37 (b) (2) (C). The trial court may dismiss a complaint for the plaintiff's failure to comply with an order to respond to discovery requests (see *Ross v. White*, 175 Ga. App. 791 (334 SE2d 371) (1985)), for the plaintiff's failure to attend a deposition as ordered by the court (see *McCane v. Cappett Corp.*, 151 Ga. App. 423 (2) (260 SE2d 379) (1979)) or for the plaintiff's failure to comply with an order to pay attorney fees and expenses to the opposing party (see *Peoples v. Yu*, 184 Ga. App. 252 (361 SE2d 244) (1987)). In this case the plaintiff failed in each of these three ways to comply with the trial court's earlier order compelling discovery and the payment of fees and costs.

Plaintiff challenges the trial court's finding of wilful failure to respond to discovery. However, no explanation appears in the record why plaintiff missed the second deposition date. Only in the brief before this court does plaintiff assert that his failure was unavoidable and not wilful because he was detained by an automobile accident on his way to the deposition. "The burden of showing harmful error is on the appellant, and this must be done by the record; it may not be done in an enumeration of error or by assertions appearing only in a brief." (Citation and punctuation omitted.) *McCane v. Cappett Corp.*, supra at 423 (1). Where there is nothing in the record to show plaintiff was unaware of the order requiring him to attend a deposition or that he made a good faith effort to comply with the order then the trial court is authorized to find the failure to attend was wilful. Id. Because we find no abuse of the broad discretion granted to the trial court by OCGA § 9-11-37 (b) (2) (C), we will not interfere with the trial court's exercise of that discretion. See *Joel v. Duet Holdings, Inc.*, 181 Ga. App. 705, 707 (353 SE2d 548) (1987); *Tompkins v. McMickle*, 172 Ga. App. 62 (2) (321 SE2d 797) (1984).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED MAY 18, 1990.

*Richard A. Coleman*, for appellant.
*Phillips, Hinchey & Reid, Stephen G. Lowe, David F. Dickinson, Marva Jones Brooks*, for appellees.