A92A2424. LEONARD v. MILLER et al.
(428 SE2d 646)

CARLEY, Presiding Judge.

Seeking to recover for injuries suffered in a vehicular collision, appellee-plaintiffs brought suit against appellant-defendant. The case was tried before a jury and a verdict in favor of appellees was returned. Appellant appeals from the judgment entered by the trial

court on the jury's verdict.

1. Appellant moved for a mistrial on the ground that appellees' counsel had impermissibly raised the issue of insurance coverage during voir dire. The denial of this motion is enumerated as error.

The record demonstrates that, after the trial court had qualified the panel as to appellant's liability carrier, appellees' counsel asked several additional questions which were addressed to the panel as a whole and not to any individual prospective juror. The import of these additional inquiries was merely to determine whether any of the prospective jurors or a family member had ever worked in the field of insurance. " 'Where, as here, interest of the insurance company is admitted, it cannot be said that counsel's examination extended beyond the permissible limits.' Under the facts and circumstances which existed in the case at bar we find no abuse of discretion by the trial court in having permitted these additional voir dire questions." *Parsons v. Harrison*, 133 Ga. App. 280, 282 (1) (211 SE2d 128) (1974).

2. Appellant requested charges on contributory negligence, comparative negligence, and the avoidance doctrine. The trial court's refusal to give these requests is enumerated as error.

The collision occurred at an intersection whereat appellee Mrs. Miller had the right-of-way and appellant had a stop sign and both were proceeding at a lawful rate of speed. "There being no evidence whatsoever of an initial negligent act by [appellee Mrs. Miller], any negligence on [her] part, if it existed at all, must have been [her] failure 'to avoid the consequences of the active negligence of ([appellant]).' [Cit.] However, we find no evidence upon which . . . a charge [regarding appellee Mrs. Miller's negligent failure] to avoid the collision could be based. 'A driver having the right of way . . . has the right to assume that others will obey the rule of the road (cit.) and he has a right to proceed at a reasonable speed even though he sees another vehicle approaching. What he cannot do is to test a known and obvious peril, and *after it is or should be clearly apprehended that a collision is threatened or imminent,* he cannot blindly and recklessly proceed without regard to conditions and consequences. (Cit.)' (Emphasis supplied.) [Cit.]" *Moore v. Price*, 158 Ga. App. 566, 569 (2) (281 SE2d 269) (1981). "A review of the record demonstrates that appellant produced *no* evidence to authorize a finding that, in the exercise of ordinary care, appellee [Mrs. Miller] could have avoided the collision after she saw or should have seen that appellant had entered into the intersection *and* was crossing appellee's lane of traffic." (Emphasis supplied in part.) *Kicklighter v. Jones*, 202 Ga. App. 654, 655 (415 SE2d 302) (1992). See also *Carrandi v. Sanders*, 188 Ga. App. 562 (1) (373 SE2d 661) (1988). It follows that it would have been "error to give any charge regarding [appellee Mrs. Miller's] negligence." *Moore v. Price*, supra at 570 (2). Compare *Jenkins v. Burns*, 202 Ga.

App. 579, 580 (415 SE2d 30) (1992) (wherein "the parties' accounts of the collision and the skid marks described by the officer" were found to authorize the giving of a charge on the plaintiff's negligence).

*Garner v. Driver*, 155 Ga. App. 322, 323 (1) (270 SE2d 863) (1980) is not authority for the giving of the requested charges in the instant case. That case involved a head-on collision, not a collision at a controlled intersection. The investigating officer in *Garner* was of the opinion that the defendant had crossed the centerline, but the jury was obviously not bound by the officer's opinion as to the defendant's negligence. As to the plaintiff's negligence, the investigating officer "conceded that the debris location could be just as consistent with *both* vehicles being over the center line as it [was] with just one of the vehicles being over the center line." (Emphasis supplied.) *Garner v. Driver*, supra at 323 (1). Thus, there was at least some evidence of the plaintiff's negligence in causing the head-on collision in *Garner*. The instant case involves a collision at a controlled intersection, not a head-on collision, and there is no evidence that appellee Mrs. Miller, who had the right-of-way, was negligent in either causing or avoiding the collision which resulted from appellant's failure to yield the right-of-way. Accordingly, it is not *Garner*, but the decisions in *Kicklighter*, *Carrandi* and *Moore* which control in the instant case.

3. Appellant requested a charge on impeachment. The trial court gave a general charge on the credibility of witnesses, but refused to give appellant's requested charge on impeachment. The refusal to give this request is enumerated as error.

The charge, as requested by appellant, referred to impeachment by prior inconsistent statements *and* by general bad character. These are, of course, two entirely separate and distinct methods of impeachment. OCGA §§ 24-9-83; 24-9-84. There *was* evidence of appellee Mrs. Miller's prior inconsistent statements. There was, however, *no* evidence of the general bad character of appellees or any of their witnesses. Accordingly, even though that *part* of appellant's request regarding impeachment by prior inconsistent statements could have been given, it was not reversible error for the trial court to refuse to give *any* part thereof. "A request for instruction to the jury must be correct as a whole. It should be perfect in itself, or the court should refuse it. [Cits.]" *Bridges v. Donalson*, 165 Ga. 228, 233 (5) (140 SE 497) (1927). The inapplicability of that part of appellant's request regarding impeachment by general bad character rendered the request, as a whole, imperfect and the trial court was authorized to refuse to give it on that ground. " 'The court may refuse requests which need qualifications, modification or restriction. It has been said that unless the charge ought to be given in the very terms in which requested, it should be refused altogether. The trial court is not under any obligation to rewrite an instruction which either party requests to be

given.' " *Tatum v. State*, 57 Ga. App. 849, 853 (3) (197 SE 51) (1938).

Since it was not reversible error to refuse to give appellant's imperfect request, we need not decide whether the decision in *Mattarochia v. State*, 200 Ga. App. 681, 684 (5d) (409 SE2d 546) (1991) mistakenly equated general credibility with impeachment by a specific method, such that the giving of a charge on the former obviates the requirement that a trial court give an authorized and proper request on the latter.

*Judgment affirmed. Pope, C. J., and Johnson, J., concur.*

DECIDED MARCH 3, 1993.

*Miller & Towson, Wallace Miller III, James V. Towson, George H. Hartwig III*, for appellant.

*Westmoreland, Patterson & Moseley, Thomas H. Hinson II*, for appellees.