## A93A0646. DATZ v. BRINSON et al.
(430 SE2d 823)

BEASLEY, Judge.

Datz sued certain correction officers and officials at Hays Correctional Institute, where he was incarcerated in August 1991, alleging that their negligence allowed other inmates to steal items of personal property from his locker. The court granted defendants' motion to dismiss for failure to state a claim, for the reason that OCGA §§ 50-21-21 and 50-21-25 rendered defendants immune from suit, even if they were negligent.[1]

Those statutes, part of the Georgia Tort Claims Act ("the Act"), OCGA § 50-21-20 et seq., provide that "[a] state officer or employee who commits a tort while acting within the scope of his or her official duties or employment is not subject to lawsuit or liability therefor." OCGA § 50-21-25 (a). Such immunity forms a complete defense to appellant's cause of action. See generally *Martinez v. California*, 444 U. S. 277, 287 (100 SC 553, 62 LE2d 481) (1980).

1. In several enumerations of error Datz contends the court erroneously dismissed his complaint.

Datz maintains that the Act may not be applied to his action because it had not been enacted at the time his cause of action accrued, and the United States Constitution prohibits ex post facto laws. In the first place, the ex post facto provision in the federal constitution applies only to penal statutes. *Collins v. Youngblood*, 497 U. S. 37, 41, n. 2 (110 SC 2715, 111 LE2d 30) (1990).

Secondly, Art. I, Sec. II, Par. IX of the State Constitution, which formerly provided for waiver of sovereign immunity to the extent that liability insurance was provided, was amended in 1990 and approved by the voters in November 1990, prior to the incident in question. The amended constitutional provision deleted the "insurance waiver" clause and enabled passage of a Tort Claims Act. *Curtis v. Bd. of Regents*, 262 Ga. 226, 228 (416 SE2d 510) (1992). Under the authority of this amended constitutional provision, the legislature in 1992

---

[1] Datz sued only the officials in their official capacity. He did not sue the State, and thus OCGA § 50-21-23 (waiving the State's sovereign immunity) is not drawn into question.

passed the Act. Although it became effective July 1, 1992, OCGA § 50-21-27 (a) provides, in pertinent part: "It is the specific intent of the General Assembly that this article shall operate retroactively so as to apply to tort claims or causes of action which accrued on or after January 1, 1991." See *Collier v. Whitworth*, 205 Ga. App. 758 (423 SE2d 440) (1992). Clearly, Datz's cause of action, which accrued in August 1991, is encompassed.

Finally, contrary to Datz's contention, the Act does not require that acts of state officials or employees be made in "good faith" in order to trigger the Act's protection. If the alleged negligence occurred within the scope of the officials' or employees' employment, they are immune from suit.

2. We are unable to address Datz's contention that the court erred by denying his motion for the recusal of the judge. The order reflects that the motion was properly considered and ruled on by a different judge, see *Houston v. Cavanagh*, 199 Ga. App. 387, 388 (405 SE2d 105) (1991), who found that no evidence existed to support recusal. The hearing was not transcribed. We must assume that the evidence supported the ruling. *Smallwood v. Mulkey*, 198 Ga. App. 496 (402 SE2d 99) (1991).

3. The burden of showing harmful error is on the appellant, and this must be done by the record. *Huff v. E. L. Davis Contracting Co.*, 195 Ga. App. 691, 692 (394 SE2d 615) (1990). The order dismissing Datz's complaint for failure to state a claim explains the court's application of the law to the allegations in the complaint and its conclusion that the complaint fails to state a claim. OCGA § 9-11-12 (b) (6). Nothing in the record supports Datz's contention that the court did not fulfill it duty in deciding the question.

4. Uniform Superior Court Rule 6.3 authorized the trial court to decide the motion to dismiss without oral hearing, and no abuse of discretion appears.

5. Datz's remaining enumerations of error are rendered moot by our holding in Division 1.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED APRIL 5, 1993.

Richard Datz, *pro se.*

*Michael J. Bowers, Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, Neal B. Childers, Assistant Attorney General*, for appellees.