A96A0199. DUBOSE v. ROSS.
(473 SE2d 179)

POPE, Presiding Judge.

Plaintiff Margaret Ross sued defendant Antonio Dubose for negligence after she was injured in a car accident allegedly caused by defendant's failure to yield the right-of-way to plaintiff. Defendant made a motion in limine requesting that no reference to insurance be made during the trial. The trial court granted the motion and ruled that there would be no mention of insurance other than qualification of the jurors as to defendant's insurance company.

During the trial, plaintiff testified on direct examination that defendant was drunk or "high" at the time of the accident. On cross-examination, defense counsel asked plaintiff how she could tell defendant was drunk, and how close she was to defendant. In response to defense counsel's line of questioning, plaintiff explained that although they were some distance from each other after moving their cars from the roadway, plaintiff and defendant were close enough to have a conversation. In describing the content of that conversation, plaintiff related defendant's admissions of fault and mentioned that plaintiff had asked defendant whether he had insurance, to which defendant responded in the affirmative. Immediately after

this testimony, defense counsel made a motion for a mistrial. The trial court denied the motion and, after rebuking plaintiff's counsel, instructed the jury that insurance had nothing whatsoever to do with the case and that any reference made thereto must be disregarded. The trial then continued without further mention of insurance, and the jury returned a verdict for plaintiff.

In his sole enumeration, defendant argues that the trial court committed reversible error in failing to grant defendant's motion for a mistrial. Concluding that the trial court did not manifestly abuse its discretion, we disagree and affirm. See *Ga. Power Co. v. Hinson*, 179 Ga. App. 263, 270 (7) (346 SE2d 73) (1986).

As a general rule, the fact that a party has liability insurance is not admissible into evidence, and the disclosure of that fact to the jury is grounds for a mistrial. *McKin v. Gilbert*, 208 Ga. App. 788 (1) (432 SE2d 233) (1993); *Thomas v. Newnan Hosp.*, 185 Ga. App. 764 (1) (365 SE2d 859) (1988). Nevertheless, " '[i]n Georgia the injection into a case of testimony pertaining to liability insurance does not automatically require a grant of a motion for a mistrial. It is only where the testimony is so obviously prejudicial in its nature that its adverse effect cannot be eradicated from the minds of the jury or its consequences avoided by proper cautionary instructions from the court, that a mistrial should be granted. (Cits.) The determination as to whether these harmful factors are present in a case necessarily rests in the discretion of the trial judge. Appellate courts should never interfere with the exercise of that discretion unless it is made to appear that wrong or oppression has resulted from its abuse. This principle is historically respected in this jurisdiction. (Cit.) . . .' *Wallace v. Cates*, 120 Ga. App. 228 (170 SE2d 40) [(1969)]." *Reliance Ins. Co. v. Bridges*, 168 Ga. App. 874, 881 (3) (311 SE2d 193) (1983). See *McKinney & Co. v. Lawson*, 180 Ga. App. 550, 553 (2) (349 SE2d 763) (1986), rev'd on other grounds, 257 Ga. 222 (357 SE2d 786) (1987).

In the instant case, the trial judge exercised his discretion by determining that plaintiff's testimony regarding insurance was not so harmful or prejudicial in nature to defendant that a mistrial was necessary. He therefore denied defendant's motion for a mistrial and issued a curative instruction immediately after the reference to insurance. We cannot conclude as a matter of law that determination constitutes a manifest abuse of discretion in light of the fact that the jury had already been made aware of the existence of liability insurance when the trial court qualified the jury members as to any relationship they might have with defendant's insurance company, as authorized by Georgia law. See *Gonzalez v. Wells*, 213 Ga. App. 494 (445 SE2d 332) (1994). Moreover, the jury could and should have assumed that defendant had liability insurance because Georgia law requires motorists to obtain a minimum of $15,000 in bodily injury

liability coverage. OCGA §§ 33-34-4 and 40-9-2. In this day and age, "[a]ny juror who doesn't know that there is liability insurance in [a case like this] should probably be excused by virtue of [his or her ignorance]." *Young v. Carter*, 121 Ga. App. 191, 193 (173 SE2d 259) (1970) (Hall, P. J., concurring).

Upon review of the entire trial transcript, we also cannot conclude as a matter of law that any harm or oppression resulted from plaintiff's brief reference to insurance. Defendant's testimony at trial demonstrates that he cut across the roadway on which plaintiff was traveling in an attempt to enter a parking lot. Defendant further admitted that at least part of his car was still in the roadway when the accident occurred. It is undisputed that after the accident, defendant was cited for, and pled guilty to, failure to yield the right-of-way. Consequently, there was ample evidence of defendant's negligence. And based on plaintiff's injuries, the verdict was not excessive.

Furthermore, in cases like this, "[e]rror arises only when a party intentionally brings before the jury on an immaterial or irrelevant matter the fact that the opposite party carries insurance." (Citations and punctuation omitted.) *Jones v. Parrish*, 203 Ga. App. 566, 569 (2) (417 SE2d 210) (1992). Here, it is not clear that plaintiff's reference to insurance was intentional, and it was within the trial court's broad discretion to treat it as unintentional. See *Edwards v. Adams*, 117 Ga. App. 508, 509 (3) (160 SE2d 841) (1968). Moreover, as the trial court noted, plaintiff's testimony related statements to the jury which were part of the res gestae, and thus had some relevancy. As such, the trial court did not err in failing to grant a mistrial. See *Smith v. Greene*, 144 Ga. App. 739, 740-741 (1) (242 SE2d 312) (1978); *McDuffie County v. Rogers*, 124 Ga. App. 442 (1), (2) (184 SE2d 46) (1971).

*Judgment affirmed. Andrews and Smith, JJ., concur.*

DECIDED JUNE 18, 1996 —
RECONSIDERATION DENIED JULY 8, 1996 —

*Crim & Bassler, Kimberly L. Schwartz*, for appellant.
*Freedman & Sinowski, Thomas C. Sinowski, Marc H. Bardack*, for appellee.