A97A1918. DALTON et al. v. VO.
(497 SE2d 245)

ANDREWS, Chief Judge.

Darryl Dalton and Octavia Hill appeal from a judgment entered on a jury verdict finding Thanh Tam Vo not liable for injuries they received when Vo's truck hit Dalton's car. We reverse.

1. Dalton and Hill bring two enumerations of error concerning the qualification of the jury during voir dire. In their first enumeration of error, Dalton and Hill contend the trial court erred in refusing plaintiffs' counsel's request to question jurors regarding their "insurance background." However, appellants do not argue this enumeration in their brief, and therefore it is deemed abandoned. Court of Appeals Rule 27 (c) (2) and (3).

2. Next, appellants argue the trial court erred in refusing to allow them to qualify prospective jurors with regard to their relationship, if any, with Progressive Insurance Company, Vo's automobile insurance carrier. Appellants rely on our holding in *Patterson v. Lauderback*, 211 Ga. App. 891 (440 SE2d 673) (1994), which states: "Where there is reasonable cause to believe that a defendant's non-party insurer is a mutual company in which the policyholders have a financial interest, a plaintiff is entitled to have the prospective jurors qualified as to any possible interest they may have as policyholders of the company, and the refusal of the court, upon request by plaintiffs' counsel, to so qualify the jurors creates a presumption of harmful error, which unless in some way rebutted, requires the grant of a new trial." (Citations omitted.) Id. at 895.

Vo argues that Progressive is not a mutual company in which the policyholders have an interest. This is immaterial as controlling case law does not limit this right to inquire to policyholders of mutual companies but extends it to officers, employees, stockholders or anyone related to stockholders of the insurance company. *Atlanta Coach Co. v. Cobb*, 178 Ga. 544, 549 (174 SE 131) (1934). See also *Byrd v. Daus*, 218 Ga. App. 145, 146 (460 SE2d 819) (1995).

Vo also responds that the error was harmless because if the jurors were "questioned today," none of them would say they knew they had a financial interest in this case. This contention is also without merit. Refusing to allow plaintiffs' counsel to qualify the jurors on this issue created a presumption of injury. *Atlanta Coach Co.*, supra at 551. Questioning the jurors after the verdict when they

are no longer competent to testify against their qualification[1] does not cure the harm. The plaintiffs are entitled to have the examination as to relationship conducted in open court and before the verdict was rendered. Id. at 552. The trial court erred in refusing to allow plaintiffs' counsel to qualify the jury on this issue.[2]

3. Dalton and Hill also claim the trial court erred in its charge to the jury on "sudden emergency" and the definition of "gore." They contend there was no justification from the evidence presented at trial to give either charge.

To the extent these enumerations might occur on retrial, we would address them. However, as only selected portions of the transcript were furnished on appeal, we have no way of knowing whether the charges were justified or not. In the absence of a complete transcript of the proceedings, we assume the evidence supported the ruling. *Datz v. Brinson*, 208 Ga. App. 455, 456 (430 SE2d 823) (1993).

*Judgment reversed. Pope, P. J., and Blackburn, J., concur specially.*

POPE, Presiding Judge, concurring specially.

I concur in each of the divisions of the majority opinion. I write separately, however, to express my disagreement with the contention found in footnote 2 to Division 2 that in order to avoid potential prejudice the better approach to jury qualification in cases like this would be not to qualify prospective jurors regarding any relationship they might have with a specific insurer involved in a given case, but instead, qualify them only as to any financial interest they might have in the outcome of the case, as advocated by Judge Johnson in *Byrd v. Daus*, 218 Ga. App. 145 (1) (460 SE2d 819) (1995), and Judge Beasley in her special concurrence in *Franklin v. Tackett*, 209 Ga. App. 448 (433 SE2d 710) (1993).

In this enlightened age, it can and should be presumed that prospective jurors already realize that liability insurance coverage is likely to be present in cases involving motor vehicle accidents. See *Smith v. Crump*, 223 Ga. App. 52, 55-56 (476 SE2d 817) (1996); *Dubose v. Ross*, 222 Ga. App. 99, 100-101 (473 SE2d 179) (1996).

---

[1] OCGA § 9-10-9 provides that the affidavits of jurors may be taken to uphold but not to impeach their verdict. "As a matter of public policy, a juror can not be heard to impeach his verdict, either by way of disclosing the incompetency or misconduct of his fellow-jurors, or by showing his own misconduct or disqualification from any cause." *Bowden v. State*, 126 Ga. 578 (1) (55 SE 499) (1906).

[2] This holding is required by the Supreme Court of Georgia's decision in *Atlanta Coach Co.*, supra. However, we agree with Judge Johnson in *Byrd*, supra, and with Judge Beasley in her special concurrence in *Franklin v. Tackett*, 209 Ga. App. 448 (433 SE2d 710) (1993), that the better approach would be to question the jury as to any financial interest in the outcome of the case without directly identifying the insurer.

Therefore, I do not believe the approach advocated in footnote 2 would have any significant effect in reducing the potential for prejudice about which the majority is concerned. Moreover, as fully set forth in *Crump*, failing to qualify prospective jurors regarding any relationship they might have with a specific insurer having an interest in the outcome of a case, itself, poses its own risk to the right of trial by an impartial jury. 223 Ga. App. at 55-56.

In light of the above, I believe that the best approach would be to continue to qualify prospective jurors about any relationship they might have with any interested insurer, as is mandated by *Atlanta Coach Co. v. Cobb*, 178 Ga. 544, 549 (174 SE 131) (1934). After such qualification, however, to avoid any potential prejudice that might arise from the qualification itself, or the prospective jurors' own common knowledge, I would recommend that the trial court give specific limiting instructions that the existence or lack of insurance in a given case is not material and is not to be considered in reaching a decision in the case.

I have been authorized to state that Judge Blackburn joins in this special concurrence.

DECIDED FEBRUARY 2, 1998 

*Kenneth J. Rajotte*, for appellants.
*Shur, McDuffie, Brockman & Leveille, Brett F. Shur*, for appellee.