## A97A2227. ARP et al. v. PAYNE.
(497 SE2d 810)

ANDREWS, Chief Judge.

Jerri Ann Arp and Randy James Arp sued Nilmarg Payne for injuries they allegedly suffered in a rear-end automobile collision which they claim was negligently caused by Payne. On appeal from the judgment entered on a jury verdict in favor of Payne, the Arps claim that the trial court erred by refusing to qualify the prospective jurors as to possible interest or relationship they may have had with Payne's nonparty automobile insurance carrier and with the uninsured motorist carrier against which the Arps made a claim for underinsured motorist benefits.[1]

With respect to both Payne's nonparty insurance carrier and the Arps' uninsured motorist carrier, whether or not it was a named party, the trial court's refusal to qualify the prospective jurors was error requiring a new trial. *Atlanta Coach Co. v. Cobb*, 178 Ga. 544 (174 SE 131) (1934). The trial court was required, upon request by the Arps, to qualify prospective jurors as to possible interest or relationship in a nonparty insurance carrier having a financial interest in the outcome of the suit. Id.; *Weatherbee v. Hutcheson*, 114 Ga. App. 761, 764 (152 SE2d 715) (1966). In like fashion, the Arps were entitled to qualification of prospective jurors as to possible interest or relationship in an insurance carrier having a financial interest in the outcome of the suit as a party defendant. Id.; *Thompson v. Sawnee Elec. Membership Corp.*, 157 Ga. App. 561 (278 SE2d 143) (1981). Because the trial court refused to so qualify the prospective jurors, a presumption of harmful error arose which, unless rebutted, required

---

[1] The record does not reflect whether after being served with the claim the uninsured motorist carrier elected to become a named party by answering in its own name or elected to participate indirectly by answering in the name of the alleged tortfeasor. OCGA § 33-7-11 (d); *Smith v. Phillips*, 172 Ga. App. 459, 460-461 (323 SE2d 669) (1984).

the grant of a new trial. *Atlanta Coach Co.,* supra at 549-551.

Payne attempted to rebut the presumption of harmful error by producing affidavits given after the trial by the jurors who heard the case and by the prospective jurors struck by the Arps during jury selection. The affidavits stated that none of the affiants had any disqualifying interest or relationship with either of the insurance carriers. As the Supreme Court held in *Atlanta Coach Co.,* this attempt was insufficient to rebut the presumption of harmful error. Taking affidavits after the verdict when the jurors who served were competent to testify for, but not against, their qualifications did not suffice to show harmless error. Id. at 551-553; *Dalton v. Vo,* 230 Ga. App. 413 (497 SE2d 245) (1998). The Arps were entitled to qualification of the prospective jurors on this issue in open court before the verdict. *Atlanta Coach Co.,* supra at 552; see *Widener v. Mitchell,* 137 Ga. App. 730, 732 (224 SE2d 868) (1976); *Whaley v. Sim Grady Machinery Co.,* 218 Ga. 838 (131 SE2d 181) (1963); OCGA §§ 15-12-133; 15-12-135.[2]

*Judgment reversed. Pope, P. J., and Blackburn, J., concur specially.*

POPE, Presiding Judge, concurring specially.

I concur in the holding reached by the majority in this case. I write separately, however, to express my disagreement with the contention found in footnote 2 of the majority opinion that in order to avoid potential prejudice the better approach to jury qualification in cases like this would be not to qualify prospective jurors regarding any relationship they might have with a specific insurer involved in a given case, but instead, only qualify them as to any financial interest they might have in the outcome of the case, as advocated by Judge Johnson in *Byrd v. Daus,* 218 Ga. App. 145 (1) (460 SE2d 819) (1995), and Judge Beasley in her special concurrence in *Franklin v. Tackett,* 209 Ga. App. 448 (433 SE2d 710) (1993).

As set forth in my special concurrence in *Dalton v. Vo,* 230 Ga. App. 413 (497 SE2d 245) (1998), in this enlightened age, it can and should be presumed that prospective jurors already realize that liability insurance coverage is likely to be present in cases involving motor vehicle accidents. See *Smith v. Crump,* 223 Ga. App. 52, 55-56 (476 SE2d 817) (1996); *Dubose v. Ross,* 222 Ga. App. 99, 100-101 (473 SE2d 179) (1996). Therefore, I do not believe the approach advocated

---

[2] As was stated in *Dalton,* supra at 414, n. 2, "[t]his holding is required by the Supreme Court of Georgia's decision in *Atlanta Coach Co.,* supra. However, we agree with Judge Johnson in *Byrd* [v. *Daus,* 218 Ga. App. 145, 146 (460 SE2d 819) (1995)], and with Judge Beasley in her special concurrence in *Franklin v. Tackett,* 209 Ga. App. 448 (433 SE2d 710) (1993), that the better approach would be to question the jury as to any financial interest in the outcome of the case without directly identifying the insurer."

in footnote 2 would have any significant effect in reducing the potential for prejudice about which the majority is concerned. Moreover, as fully set forth in *Crump*, failing to qualify prospective jurors regarding any relationship they might have with a specific insurer having an interest in the outcome of a case, itself, poses its own risk to the right of trial by an impartial jury. 223 Ga. App. at 55-56.

Consequently, I believe that the best approach would be to continue to qualify prospective jurors about any relationship they might have with any interested insurer, as is mandated by *Atlanta Coach Co. v. Cobb*, 178 Ga. 544, 549 (174 SE 131) (1934). After such qualification, however, to avoid any potential prejudice that might arise from the qualification itself, or the prospective jurors' own common knowledge, I would recommend that the trial court give specific limiting instructions that the existence or lack of insurance in a given case is not material and is not to be considered in reaching a decision in the case.

I am authorized to state that Judge Blackburn joins in this special concurrence.

DECIDED FEBRUARY 27, 1998 

*L. Cleveland Burton, Keith Williams*, for appellants.
*Downey & Cleveland, Joseph C. Parker, Brinson, Askew, Berry, Seigler, Richardson & Davis, J. Anderson Davis*, for appellee.