## A07A1203. DEFUSCO v. FREE.
### (651 SE2d 458)

MIKELL, Judge.

Christine Nation Free filed a personal injury action against Louis F. Defusco, alleging that he rear-ended her vehicle and that she was seriously injured as a result of the accident. Defusco admitted liability, and the case proceeded to trial on the issue of damages. During the trial, Defusco moved for a mistrial after Free injected the issue of insurance into the case, which motion was denied. The jury returned a verdict in favor of Free, awarding her $32,727.27. Defusco filed a motion for a new trial, which was also based on the unlawful interjection of insurance into the case. The trial court denied the motion for new trial. It is specifically from the orders denying Defusco's motions that he appeals.[1]

---

[1] At the outset, we deny appellee's motions to dismiss and for penalty for frivolous appeal.

> Where a motion for a mistrial is made on the ground of inadmissible evidence illegally placed before the jury, the corrective measure to be taken by the trial court is largely a matter of discretion, and where proper corrective measures are taken and there is no abuse of discretion, the refusal of the trial court to grant a mistrial is not error.[2]

Similarly, the denial of a motion for a new trial is also a matter within the sound discretion of the trial court.[3] Accordingly, it "will not be disturbed if there is 'any evidence' to authorize it."[4]

Prior to trial, the trial court ruled that all evidence relating to the existence of insurance would be excluded. During Free's direct examination, the following colloquy occurred: "Q. Ms. Free, what are you asking this jury to do? A. Just for the insurance to pay." The trial judge called both attorneys to the bench. Defense counsel moved for a mistrial, arguing that the defense had been unfairly prejudiced by Free's testimony, particularly in light of Defusco's absence,[5] which made it obvious that defense counsel was representing the insurance company. After denying Defusco's motion for a mistrial, the trial court instructed the jury as follows:

> Ladies and gentlemen, Ms. Free violated one of the court's orders regarding one of the pretrial orders regarding evidence in this case just before we broke. I have rebuked her for that. You are not to consider the existence or nonexistence of insurance in this case. There has been no evidence regarding insurance and you're to give any testimony regarding the existence or nonexistence of insurance no weight. This is a suit between individuals, between Ms. Free and Mr. Defusco.

Defense counsel took exception to the charge.

> In Georgia the injection into a case of testimony pertaining to liability insurance does not automatically require a grant of a motion for a mistrial. It is only where the testimony is so obviously prejudicial in its nature that its adverse effect cannot be eradicated from the minds of the jury or its consequences avoided by proper cautionary instructions from the court, that a mistrial should be granted. The

---

[2] (Citation omitted.) *AT Systems Southeast v. Carnes*, 272 Ga. App. 671, 673 (2) (613 SE2d 150) (2005).

[3] *Glenridge Unit Owners Assn. v. Felton*, 183 Ga. App. 858, 859 (3) (360 SE2d 418) (1987).

[4] (Citations and punctuation omitted.) Id.

[5] Defusco could not be present at trial due to health problems.

determination as to whether these harmful factors are present in a case necessarily rests in the discretion of the trial judge. Appellate courts should never interfere with the exercise of that discretion unless it is made to appear that wrong or oppression has resulted from its abuse. This principle is historically respected in this jurisdiction.[6]

In this case, the trial judge rebuked Free and gave curative instructions before proceeding with the trial. Exercising his discretion to deny the motion for mistrial, the judge concluded that Free's comment was not intentionally elicited by her counsel.[7] In the order denying the motion for a new trial, the trial judge wrote that Free "made an inadvertent reference to insurance that was rendered harmless due to the Court's curative jury instruction." We cannot conclude as a matter of law that either of these determinations constituted an abuse of discretion, particularly in light of the fact that the jury already had been made aware of the existence of liability insurance when they were qualified as to Defusco's insurance company.[8]

As was stated in *Wallace*,[9] cases have been reversed when this issue has arisen where "the trial court merely ruled out volunteered testimony as to insurance or did not promptly and vigorously reprimand plaintiff or his counsel or instruct the jury to disabuse their minds of any prejudice which may have arisen because of the testimony."[10] That was not the case here. Here, the trial court rebuked Free and gave the jury a curative instruction in a timely manner. Thus, the trial court's rulings on Defusco's motion for a mistrial and subsequent motion for a new trial were not erroneous.

We note, too, that upon review of the transcript, we cannot conclude as a matter of law that Defusco suffered wrong or oppression

---

[6] (Citations omitted.) *Wallace v. Cates*, 120 Ga. App. 228 (170 SE2d 40) (1969). Accord *Dubose v. Ross*, 222 Ga. App. 99, 100 (473 SE2d 179) (1996). See also *Getz Exterminators of Ga. v. Towe*, 193 Ga. App. 268, 271 (1) (387 SE2d 338) (1989).

[7] See *Dubose*, supra at 101 (it is within the trial court's discretion to treat as unintentional a comment that was not clearly intentionally made).

[8] *Dubose*, supra at 100. See generally *Ashley v. Goss Bros. Trucking*, 269 Ga. 449, 450 (499 SE2d 638) (1998) (even where the limit of a liability policy is introduced unlawfully, the determination of whether it is so obviously prejudicial as to warrant a mistrial still remains within the trial judge's discretion).

[9] Supra.

[10] Id. at 229. See also *O'Neill Mfg. Co. v. Pruitt*, 110 Ga. 577, 578-579 (36 SE 59) (1900) (affirming trial court's refusal to grant a new trial where improper comments by counsel appeared to be intentional but trial judge promptly corrected counsel by censuring him and instructing the jury to disregard his comments, but noting in the opinion that had a motion for mistrial been made below, it should have been granted because of the intentional nature of the remarks).

as a result of the trial court's exercise of discretion, which is what we must conclude in order to interfere with that discretion.[11] Here, Defusco admitted liability and Free introduced medical bills into evidence, which documented her treatment for over a year and totaled almost $24,000. Additionally, in closing, Free asked the jury to award damages in the amount of $60,696.03. The verdict was not excessive but was supported amply by the evidence. "[A] jury verdict, after approval by the trial court, and the judgment thereon will not be disturbed on appeal if supported by any evidence, in the absence of any material error of law."[12] We find no error.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED AUGUST 21, 2007.

*Cooper & Makarenko, Gary M. Cooper*, for appellant.
*David C. Jones, Jr.*, for appellee.

---

[11] *Wallace*, supra.

[12] (Citation omitted.) *Horan v. Pirkle*, 197 Ga. App. 151, 153 (2) (397 SE2d 734) (1990).