### A10A1640. PARK v. NICHOLS et al.
(706 SE2d 698)

ANDREWS, Judge.

Seung C. Park appeals after a jury awarded $715,000 to Stacey Camacho's estate on its claim for pain and suffering and $5,115,000

YALE LAW LIBRARY

to Camacho's surviving spouse on his claim for wrongful death.[1] The claims were the result of an automobile accident in which Park, who was drunk, ran a red light and hit the car Camacho was driving, killing her and injuring her young son. Park pled guilty to a felony charge of homicide by vehicle and was in prison at the time of trial. Park admitted liability and the only issue at trial was the amount of damages.

1. In his first enumeration of error, Park claims that the trial court improperly allowed the issue of insurance to be reinjected into the case during voir dire. Park claims that the jury was qualified as to his automobile insurance carrier, Nationwide Mutual Fire Insurance Company, three times before counsel began their general voir dire questions and then for the fourth time by plaintiff's counsel.

The record shows that the jurors were to be prequalified as to shareholders, officers, directors and employees of Nationwide, but not as to policy holders. But, as the trial court stated, it was not confirmed with the jury clerk whether that was done, "so we're going to make sure it is done properly here." Also, because sometimes there were jurors "who didn't make it through the questionnaire," the court wanted to make sure that the qualification was done properly. The trial court said that because it was a mutual insurance company, he would add policy holders to the list of those to be prequalified.

The court asked the panel:

> Are any of you an officer — director, officer, agent, employee, shareholder or policy holder of Nationwide Mutual Fire Insurance Company? Are any of you related by blood or marriage, third cousin or closer, to any director, officer, agent, employee or share holder of Nationwide Mutual Fire Insurance Company?

Then, during counsel's general questioning of the panel, plaintiffs' counsel asked the jurors: "The judge asked you about Nationwide Mutual Fire Insurance Company; and I'm not going to follow up and repeat those questions, but I do want to ask you about insurance companies, generally. So is there anyone . . ." At that point, the court interrupted counsel and counsel did not continue with the question.

Defense counsel moved for a mistrial "based upon the reinjection of the subject of insurance into the case." Plaintiffs' counsel stated that he asked the question because he thought that people who had been involved in handling claims for insurance companies

---

[1] The jury found for Park on the estate's claim for punitive damages.

would bring a bias to the case. The trial court denied the motion for mistrial but instructed plaintiffs' counsel that he could "not discuss insurance."

> [I]n Georgia the injection into a case of testimony pertaining to liability insurance does not automatically require a grant of a motion for a mistrial. It is only where the testimony is so obviously prejudicial in its nature that its adverse effect cannot be eradicated from the minds of the jury or its consequences avoided by proper cautionary instructions from the court, that a mistrial should be granted. The determination as to whether these harmful factors are present in a case necessarily rests in the discretion of the trial judge. Appellate courts should never interfere with the exercise of that discretion unless it is made to appear that wrong or oppression has resulted from its abuse. This principle is historically respected in this jurisdiction.

(Punctuation omitted.) *Dubose v. Ross*, 222 Ga. App. 99, 100 (473 SE2d 179) (1996).

In *Dubose*, plaintiff, while testifying, "related defendant's admissions of fault and mentioned that plaintiff had asked defendant whether he had insurance, to which defendant responded in the affirmative." Id. at 99. The trial court refused to grant defendant's motion for mistrial and this Court affirmed, holding that there was no abuse of discretion because

> the jury had already been made aware of the existence of liability insurance when the trial court qualified the jury members as to any relationship they might have with defendant's insurance company, as authorized by Georgia law. Moreover, the jury could and should have assumed that defendant had liability insurance because Georgia law requires motorists to obtain a minimum of $15,000 in bodily injury liability coverage.

Id. at 100-101.

Likewise, in *Leonard v. Miller*, 207 Ga. App. 602 (428 SE2d 646) (1993),

> after the trial court had qualified the panel as to appellant's liability carrier, appellees' counsel asked several additional questions which were addressed to the panel as a whole and not to any individual prospective juror. The import of these

YALE LAW LIBRARY

additional inquiries was merely to determine whether any of the prospective jurors or a family member had ever worked in the field of insurance.

Id. at 603. This Court held that

[w]here, as here, interest of the insurance company is admitted, it cannot be said that counsel's examination extended beyond the permissible limits. Under the facts and circumstances which existed in the case at bar we find no abuse of discretion by the trial court in having permitted these additional voir dire questions.

(Punctuation omitted.) Id. The court in *Leonard* relied on *Parsons v. Harrison*, 133 Ga. App. 280, 282 (1) (211 SE2d 128) (1974), which also held that there was "no abuse of discretion by the trial court in having permitted these additional voir dire questions." See also *Defusco v. Free*, 287 Ga. App. 313, 314-315 (651 SE2d 458) (2007) (plaintiff's answer that she wanted "[j]ust for the insurance to pay" did not require the grant of a mistrial).

*Gonzalez v. Wells*, 213 Ga. App. 494 (445 SE2d 332) (1994), cited by Park, does not demand a different result. In that case,

[t]he trial court clearly stated that no other insurance inquiries would be permitted. Notwithstanding that ruling, Wells' counsel proceeded to ask the jurors if they had automobile insurance and also whether they were insured by Safeway (Gonzalez' insurance carrier). In continuing to make inquiries on the subject of insurance, Wells' counsel clearly violated the court's order on Gonzalez' motion in limine.

Id. at 495.

That is not the case here. Moreover, the trial court stopped counsel before he could finish his question concerning insurance and refused to allow him to mention it again. Accordingly, we find no abuse of discretion in the trial court's refusal to grant a mistrial. See *Defusco*, supra at 314 ("Where a motion for a mistrial is made on the ground of inadmissible evidence illegally placed before the jury, the corrective measure to be taken by the trial court is largely a matter of discretion, and where proper corrective measures are taken and there is no abuse of discretion, the refusal of the trial court to grant a mistrial is not error.").

2. Next, Park claims the trial court erred in denying his motion for directed verdict and motion for j.n.o.v. on the amount of damages

the jury awarded for pain and suffering. Park argues that there was testimony that Camacho was unconscious immediately after the collision and therefore the amount of damages awarded was unwarranted.

"On appeal from the denial of a motion for a directed verdict or for j.n.o.v., we construe the evidence in the light most favorable to the party opposing the motion, and the standard of review is whether there is any evidence to support the jury's verdict." *Parris Properties, LLC v. Nichols*, 305 Ga. App. 734, 735 (700 SE2d 848) (2010).

Here, Officer Irizzary testified that he arrived at the scene of the accident within a minute or so after the call came in to dispatch. He stated that when he arrived, there was a doctor talking to Stacey Camacho.[2] When Irizzary saw her, Camacho "was bleeding from her mouth, her head and ear area."

> She was basically trying to say something. I remember the blood coming out of her mouth and her fighting for her life. And apparently, she was more concerned about her child . . . you could see her eyes rolling towards the back . . . and you could hear the child screaming in the back in the car seat.

Irizzary testified further: "It's stuck in the back of my head, that picture of her just sitting there just trying to talk, I guess, gurgling blood and looking back towards her kid. I've worked a lot of wrecks; none of them ever bothered me like this one has."

Park argues that two of the eyewitnesses testified that Camacho was unconscious when they saw her immediately after the accident. One of the witnesses, when asked if Camacho was unconscious, answered "As best I could tell." The other witness who went up to Camacho's car after the accident testified "she looked like she wasn't conscious."

The testimony of these two witnesses is not necessarily inconsistent with the testimony of Irizzary. Irizzary observed Camacho while the doctor was ministering to her and talking to her. In any event, "[t]he amount of damages returned by a jury in a verdict for pain and suffering due to alleged negligence is governed by no other standard than the enlightened conscience of impartial jurors." *Hart v. Shergold*, 295 Ga. App. 94, 99 (670 SE2d 895) (2008). Therefore, for this Court to overturn the jury's verdict, it must be "so flagrantly excessive or inadequate, in light of the evidence, as to create a clear implication of bias, prejudice, or gross mistake [by] the jurors." (Punctuation omitted.) *Turpin v. Worley*, 206 Ga. App. 341, 343 (425

---

[2] This doctor was never identified and did not testify at trial.

SE2d 895) (1992). Here, the evidence set out above was sufficient to support the jury's award of damages for pain and suffering. Moreover, because the trial court approved the verdict in denying Park's post-trial motion, "a presumption of correctness arises that will not be disturbed absent compelling evidence." *Beam v. Kingsley*, 255 Ga. App. 715, 716 (566 SE2d 437) (2002) (rejecting argument that $2,584,000 award for funeral expenses and pain and suffering was excessive in light of medical evidence that death occurred within one or two minutes after impact and that [decedent] may have lost consciousness prior to that).

3. Next, Park claims that the trial court erred in refusing to give the following charge: "Members of the jury, in an action for alleged wrongful death, Georgia law does not allow compensation for the mental or physical suffering of the person bringing the action. The emotional upset of [the plaintiffs] in this action, if any, cannot be considered by you in awarding damages." Instead, the trial court gave the following charge:

> The measure of damages for wrongful death is the full value of the life of Stacey Camacho, without deducting for any of her necessary or personal expenses had she lived. In determining this measure of damages, you must determine the value of Stacey Camacho's life to herself, from her standpoint, had she lived, not the value of Stacey Camacho's life to her family and friends.

Park cites to no authority on point holding that it was error to give the above charge instead of the requested one and we find none.

> It is now well settled that, simply because a request to charge is apt, correct and pertinent, it is not necessarily error to fail to charge it, but the test is whether the court substantially covered the principles embodied therein or whether it was sufficiently or substantially covered by the general charge.

(Punctuation omitted.) *Alexie, Inc. v. Old South Bottle Shop Corp.*, 179 Ga. App. 190, 191-192 (345 SE2d 875) (1986). Because the trial court's charge covered the principles in appellant's requested charge, the trial court did not err in refusing to give the requested charge. Id.

4. In his last enumeration of error, Park argues that the verdict was strongly against the weight of the evidence and principles of justice. Park cites to his arguments in support of the above enumerations of error as authority. In light of our holdings in Divisions 1, 2, and 3 above, and because the decision whether to grant a new trial

on these grounds is left to the sound discretion of the trial judge, we need not address this enumeration. See *Glenridge Unit Owners Assn. v. Felton*, 183 Ga. App. 858, 859 (360 SE2d 418) (1987) ("The grant or denial of a motion for new trial . . . is a matter within the sound discretion of the trial court and will not be disturbed . . . if there is 'any evidence' to authorize it.") (punctuation omitted).

*Judgment affirmed. Ellington, C. J., and Doyle, J., concur.*

DECIDED FEBRUARY 15, 2011.

*Hawkins, Parnell, Thackston & Young, William H. Major III, Peter A. Jacxsens*, for appellant.

*Charles H. McAleer, Nelson O. Tyrone III*, for appellees.